## Reed *versus* Palmer.

1. Avery conveyed land to Shinn, to pay the proceeds to Mrs. Palmer whilst the provisions of his will remained unimpeached by his wife, and after his wife's death to convey the land to Mrs. Palmer in fee. The wife accepted under the will. Mrs. Palmer died leaving a child, then Avery died, and then Shinn conveyed to the child, the wife still living. *Held,* that the child took by purchase from Shinn, not by descent from her mother.

2. The Court of Common Pleas had jurisdiction under the Act of 1853 (Price Act), to decree a sale of the land by the guardian of the child.

3. The guardian by leave of the court made a private sale of the land provided he could convey a good title. *Held,* that the purchaser could not object that Shinn had conveyed the land in the life of Avery's wife.

4. If the conveyance was a violation of the power, it was cured by the wife's death.

ERROR to the Court of Common Pleas of *Allegheny county.*

This was an amicable action filed October 13th 1866, in which Samuel Palmer, guardian, &c., of Mary R. Palmer, was plaintiff, and Sarah A. Reed defendant. A case was stated showing the following facts:—

On the 6th of October 1866, the plaintiff, as the guardian of Mary Rebecca Palmer, petitioned the Court of Common Pleas for leave to make a private sale of a house and lot of ground of Mary Rebecca Palmer to the defendant, agreeably to the Act of Assembly of the 18th of April 1853. The petition set forth that the sum of $9889 had been offered for said house and lot by the defendant, provided a clear title in fee simple could be made for the same. On the same day, the court granted leave to the plaintiff to sell at private sale all the right of said minor to said house and lot. On the 13th of October 1866, the guardian made report, that he had sold said house and lot to the defendant for the price aforesaid; $500 to be paid in cash on the delivery of the deed, conveying to said defendant a clear title in fee simple, which report was on the same day confirmed, and the guardian ordered to make his deed: a demand for the money was made and deed tendered, and payment of said sum of $500 was refused.

Charles Avery being the owner in fee of the house and lot, on the 17th of February 1855, by a deed of trust conveyed them to William M. Shinn in trust, to hold to the use of said Charles Avery for life; after his death, to collect and hold the net proceeds of the rents, issues and profits until Martha Avery, wife of said Charles Avery (should she survive the said Charles), shall have made her election to accept or refuse the provisions made for her by his will; and in the event of her acceptance, and so long as the provisions of said will remain unimpeached by the said Martha Avery, the net proceeds are to be distributed to Rebecca Bryan; and after the death of the said Martha Avery,

the provisions of said will remaining unimpeached by the said Martha, then the said William M. Shinn shall convey the said house and lot of ground to the said Rebecca Bryan, her heirs and assigns.

Rebecca Bryan was married to Samuel Palmer in April 1856, and on the 12th day of February 1857 died, leaving one child, the said Mary Rebecca Palmer. Charles Avery died on the 17th of January 1858, having made his will dated September 14th 1857, in which he provides, " if anything be necessary to be done after my death to confirm * * or carry out the provisions of the several deeds and conveyances to William M. Shinn, in trust for the purposes therein stated, I direct the same to be done by my executors as fully as if said provisions were herein again repeated ; for my will is, that the respective properties mentioned and described in the said several deeds and conveyances remain to the parties therein indicated, without let, hindrance, abatement or diminution."

Martha Avery made her election on the 13th day of April 1858, to accept the bequests and devises made to her under the will of the said Charles Avery. On the 1st day of June 1858, William M. Shinn executed and delivered with the written assent of the executors of said Charles Avery, a deed of conveyance to Mary Rebecca Palmer, her heirs and assigns, of the house and lot of ground. Martha Avery died in March 1865.

The defendant objects to the payment of the purchase-money, because :—

1st. The title of said house and lot of ground vested in said minor by descent as heir to her mother, and not by purchase ; and, therefore, the Orphans' Court alone had jurisdiction to order a private sale under the Act of Assembly of the 18th of April 1853.

2d. The deed from William M. Shinn, the trustee, was made and delivered to said minor before the time specified in said trust-deed, to wit, the death of Mrs. Martha Avery ; that the net rents, issues and profits were only to be paid to Rebecca Bryan, her heirs and assigns, until the death of Mrs. Martha Avery.

If the court should be of opinion : 1st. That Mary Rebecca Palmer derived title to said house and lot of ground by purchase and not by descent, and that the Court of Common Pleas had jurisdiction to order and decree a private sale ; 2d. That the deed from William M. Shinn, the trustee, to Mary Rebecca Palmer, vested in her a good legal title to the said house and lot of ground ; and 3d. That the proceedings in the Court of Common Pleas, and the deed of conveyance tendered by the guardian to defendant, would convey to defendant a fee-simple title to said house and lot of ground, then judgment to be entered for the

[Reed v. Palmer.]

plaintiff for $500; but if not, then judgment to be entered for the defendant.

The court entered judgment for the plaintiff for $500; which was assigned for error.

*W. W. Thompson*, for plaintiff in error, cited Gast *v*. Porter, 1 Harris 537; Gilmore *v*. Rodgers, 5 Wright 120.

*W. H. Lowrie*, for defendant in error.

The opinion of the court was delivered, January 25th 1867, by
WOODWARD, C. J.—The title to the lot in question, originally in Charles Avery, was by him conveyed to W. M. Shinn, who conveyed it to his ward, Mary Rebecca Palmer, in fee. Upon this state of facts, there is no ground of doubt that she takes title as purchaser from Shinn, and not by descent from her mother. But Shinn had the title subject to certain trusts, one of which was, that after the death of Avery, if his wife Martha did not impeach his will, but should elect to take under it, the rents, issues and profits of the lot should go to Mrs. Palmer, and after the death of Mrs. Avery the title should be conveyed to Mrs. Palmer in fee. This it is supposed vested an equitable estate in remainder in Mrs. Palmer, which at her death descended to her infant daughter, and therefore that the Orphans' Court and not the Common Pleas had jurisdiction to decree a sale.

The Act of 18th April 1853, Purd. 851, gives the Orphans' Court jurisdiction where real estate is *acquired* by descent or last will, and in all other cases it is given to the Common Pleas; and by the 5th section of the supplementary Act of 27th April 1855, Purd. 854, whenever the estate shall have been derived partly by deed and partly by descent or will, either court may entertain jurisdiction to make sale or lease thereof.

Now, it is not worth while to consider whether the trusts expressed in the deed of Avery to Shinn vested a descendible estate in Mrs. Palmer, because if it be admitted that such was their legal effect, and that Mary Rebecca acquired that estate by descent, it was nevertheless a mere equity, the legal title remaining still in Shinn. And when he conveyed the legal title to Mary Rebecca after the death of her mother, the case had occurred of an estate "derived" partly by descent and partly by deed, and this gave either court jurisdiction, that which first attached becoming exclusive.

The objection that Shinn conveyed the legal title before the death of Mrs. Avery, is one that Mrs. Avery might, perhaps, have urged; but it does not lie in the mouth of the purchaser to urge it. If it was, strictly speaking, a violation of the power, it is cured by the death of Mrs. Avery since. The ward and her

[Reed *v*. Palmer.]

guardian do not complain, and Mrs. Avery being dead there is nobody else in existence who has a right to object.

The judgment is affirmed.